No. 2762.—CITY OF NEW ORLEANS v. ROBERT P. SMITH AND THOMAS L. MAXWELL, Sheriff.

A judgment creditor who accepts a warrant on the treasury of the city of New Orleans, which, when paid, is to operate an extinguishment of the judgment, must return, or offer to return, the warrant before he can proceed further in its execution. If the judgment creditor has failed to return the warrant, but has attempted to collect it, then and in such case an injunction will lawfully issue, restraining the execution of the judgment.

APPEAL from the Fifth District Court, parish of Orleans. Leaumont, J. Geo. S. Lacey, City Attorney, for appellee; Alexander Walker and James Lingan, for defendant and appellant.

WYLY, J. This is an injunction sued out by the plaintiff to restrain the execution of the writ issued by the defendant, Robert P. Smith, to enforce the collection of a balance of $1416 57 alleged to be due on a judgment which he recovered against the city of New Orleans. The ground for the injunction is, a warrant has been given to the defendant

for this balance, which novated the debt, and if the warrant has not been paid, the defendant has not returned nor offered to return it to the plaintiff.

The court perpetuated the injunction, and the defendant appeals.

Novation being never presumed, it can not be implied, from the fact that the city gave her judgment creditor a check or warrant for the balance due on the judgment. It appears, however, that when payment of the warrant was refused by the treasurer, the defendant never returned or offered to return it to the city.

On the contrary, it is shown that he transferred it to one Charles W. Frost, who sued out upon it and other warrants a mandamus in the Sixth District Court against Mount, treasurer, and obtained judgment in his favor, making the mandamus peremptory. Having thus disposed of the warrant, the defendant has no right to execute the judgment for the satisfaction of which it was given.

In order to exercise his rights resulting from the judgment, he must return or offer to return the check or warrant given in satisfaction thereof.

He will not be permitted to transfer the warrant, and after judgment has been rendered thereon against the city in favor of Frost, to proceed to the execution of the judgment, in satisfaction of which the warrant was given to him.

In addition, we will remark that, since the appeal has been taken, the Legislature has passed a law prohibiting the issuance of the writ of *fi. fa.* against the city, providing another mode of satisfying judgments against it. Act seventeenth of March, 1870. City *v.* George Ruleff, 23 An. 708.

Judgment affirmed.